COMMONWEALTH of Pennsylvania
BOARD OF PROBATION AND
PAROLE, Appellee.

Supreme Court of Pennsylvania.

Oct. 19, 2010.

### ORDER

PER CURIAM.

**AND NOW,** this 19th day of October, 2010, the Order of the Commonwealth Court is **AFFIRMED.**

COMMONWEALTH of Pennsylvania

v.

Benjamin J. BRUBAKER, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 20, 2009.

Filed June 29, 2010.

Benjamin J. Brubaker, appellant, pro se.

Michele H. Sibert, Asst. Dist. Atty., Carlisle, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., FREEDBERG and COLVILLE,* JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 This is a *pro se* appeal from a judgment of sentence imposed upon appellant after he was convicted of violating a section of the Vehicle Code pertaining to sun screening of windows. We reverse.

¶ 2 On March 28, 2008, shortly after 4:00 p.m., the vehicle appellant was driving was stopped by Officer Lane Pryor of the Camp Hill Borough Police Department in the vicinity of the Route 15–Route 581 interchange in Camp Hill, Pennsylvania. Officer Pryor stopped the vehicle believing that the vehicle was being driven in viola-

tion of 75 Pa.C.S.A. § 4524(e)(1), relating to after-market sun screening or window tinting. After stopping the vehicle, Officer Pryor concluded that appellant was indeed in violation of § 4524(e)(1) and issued a citation to appellant.

¶ 3 Appellant was adjudicated guilty of 75 Pa.C.S.A. § 4524(e)(1) in a summary hearing in Magisterial District Court on March 28, 2008 and took an appeal to the court of common pleas. After a *de novo* summary appeal trial held on October 21, 2008, appellant was again convicted of violating 75 Pa.C.S.A. § 4524(e)(1). Appellant subsequently filed the present, timely appeal in which he raises three issues for our review:

I. WHETHER THIS HONORABLE COURT SHOULD REVERSE THE ORDER ENTERED BY THE LOWER COURT BECAUSE 67 PA CODE 175.67(d)(4) IS NOT A REASONABLE INTERPRETATION OF 75 Pa.C.S. § 4524(e)(1) AND THE VEHICLE OPERATED BY THE DEFENDANT COMPLIED WITH 75 Pa.C.S. § 4524(e)(1) AND TESTIMONY OFFERED AT THE TRIAL?

II. WHETHER THIS HONORABLE COURT SHOULD REVERSE THE ORDER ENTERED BY THE LOWER COURT BECAUSE 75 Pa.C.S. § 4524(e)(1) CONFLICTS WITH 75 Pa.C.S. § 4527(b) AND PA CODE 175.41(a)?

III. WHETHER THIS HONORABLE COURT SHOULD REVERSE THE ORDER ENTERED BY THE LOWER COURT BECAUSE THE ACT OF STOPPING THE VEHICLE [APPELLANT] WAS DRIVING

* Retired Senior Judge assigned to the Superior Court.

CONSTITUTUED [sic] A VIO-LATION OF [APPELLANT'S] CONSTITUTIONAL RIGHTS?

Appellant's brief at 5.

■■■ ¶ 4 In Issue I, appellant levels a sufficiency of the evidence challenge. Prior to addressing this issue, we will recite our standard of review:

The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.... Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part, or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. McClendon,* 874 A.2d 1223, 1228–1229 (Pa.Super.2005).

■■■ ¶ 5 Appellant was convicted of violating § 4524(e)(1) of the Vehicle Code. That provision commands:

**(e) Sun screening and other materials prohibited—**

(1) No person shall drive any motor vehicle with any sun screening device or other material which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle.

75 Pa.C.S.A. § 4524(e)(1). With respect to the tinting on the windows of the vehicle appellant was driving, Officer Pryor testified:

A. Well, it was obvious looking at the vehicle that there was window tint on it. You could—this isn't the darkest that I have ever tested. This is about a mid-range window tint, that you could see figures in the vehicle. You could see there was a driver.

Notes of testimony, 9/2/08 at 11. Later, under cross-examination, the following exchange took place:

Q. Is it true that at the District Court hearing you testified that you could see and view inside of the vehicle through the windshield, side windows, and side wings?

A. Yes. Similar to what I did today, meaning 4:20 in the afternoon, daylight conditions. I also indicated that during nighttime conditions the case may not be so, to view the inside of the vehicle .... The window tint that you had was of [sic] one of the lighter ones that I do—did come across or have come across. However, during nighttime conditions seeing inside of the vehicle may not have been as advantageous as it was during 4:20 in the afternoon.

*Id.* at 20–21. Officer Pryor's testimony reveals that he was capable of seeing into appellant's vehicle even though sunscreen-

ing material was present on the subject windows. Thus, upon its face, the terms of § 4524(e)(1) were not met.

¶ 6 Despite the above testimony and the express language of the statute, much of the testimony offered against appellant related to a standard imposed by the Department of Transportation ("PennDOT") and purportedly referenced at 67 Pa.Code § 175.67 concerning the transmittance of light through the treated windows. That section of the Pa. Code provides:

A sunscreening device or other material which does not permit a person to see or view the inside of the vehicle is prohibited, unless otherwise permitted by FMVSS No. 205, or a certificate of exemption has been issued in compliance with § 175.265 (relating to exemption provisions). **See Table X for specific requirements for vehicles subject to this subchapter.** Passenger car requirements relating to the rear window are delineated by vehicle model year in Table X.

67 Pa.Code § 175.67(d)(4) (emphasis added). According to Officer Pryor and, more importantly, the trial court, "Table X, titled Acceptable Light Transmittance Levels for Vehicle Glazing, requires passenger cars to have a light transmittance level of 70 percent or greater." (Trial court opinion, 2/18/09 at 11.)

¶ 7 With the above backdrop, the trial court's summary of the process by which appellant was charged with violating § 4524 seems rational:

To determine if the vehicle did in fact violate the Vehicle Code, Officer Pryor used a window tint and reflectivity meter to measure the percentage of light transmitted through the glass. According to Officer Pryor, the device used was calibrated upon its purchase in 1996, and was tested by him at the time of the traffic stop to ensure that the device was

functioning properly. After he determined that the device was reliably measuring the light, Officer Pryor used it on Defendant's vehicle to test the level of light transmitted through the vehicle's tinted windows. He found that only 36.3 percent of light was passing through [appellant's] front passenger side window, which was much less than the 70 percent required by law. Thus, as a result of the low transmittal level of the windows on the vehicle operated by [appellant], Officer Pryor issued [appellant] a traffic citation for a violation of section 4524(e)(1) of the Vehicle Code.

Trial court opinion, 2/18/09 at 4–5.

¶ 8 Appellant argues that, as Officer Pryor admitted that he could see into the vehicle, the explicit terms of § 4524(e)(1) were not violated. Appellant also argues that the provisions in the Pa. Code have been incorrectly applied as a safety standard and constitute an unreasonable interpretation of § 4524(e)(1). We believe appellant is correct that the terms of § 4524(e)(1) have not been met and, although our reasoning is not identical to appellant's, we believe appellant is further correct in his general thesis that the terms of 67 Pa.Code § 175.67(d)(4) cannot be utilized to sustain the conviction for § 4524(e)(1).

¶ 9 The express terms of § 4524(e)(1) prohibit a person from driving a motor vehicle which possesses sun screening material "which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle." Despite Officer Pryor's and the trial court's focus upon light meter readings, the language of the statute does not prohibit a person from driving a motor vehicle which possesses sun screening material that "reduces the transmittance of light to below 70%." Just as importantly, the statute also does not

prohibit a person from driving a motor vehicle which possesses sun screening material that reduces the transmittance of light to below a standard to be determined and published by PennDOT. Such incorporation of a PennDOT regulation or standard by reference is precedented in the Vehicle Code. For instance, in *Commonwealth v. Hull*, 705 A.2d 911 (Pa.Super.1998), we considered a violation of the motorcycle helmet law, which provided:

> **(a) Protective headgear.**—Except as provided in subsection (d) [relating to three-wheeled motorcycles with an enclosed cab], no person shall operate or ride upon a motorcycle or a motor-driven cycle (other than a motorized pedalcycle) **unless he is wearing protective headgear which complies with standards established by the department.**

75 Pa.C.S.A. § 3525(a) (emphasis added).

¶ 10 Similarly, in *Commonwealth v. Bailey*, 947 A.2d 808 (Pa.Super.2008), we considered the provision in the Vehicle Code immediately preceding the one at issue here. That provision deals with exhaust systems, mufflers, and noise control and states, in relevant part:

> **(a) Compliance with established sound levels.**—Every motor vehicle operated on a highway shall be constructed, equipped, maintained and operated **so as not to exceed the sound level for the vehicle as prescribed in regulations promulgated by the department.** The test procedures and instrumentation to be utilized shall also be established by regulation.

75 Pa.C.S.A. § 4523 (emphasis added). In *Hull*, with regard to the appellant's argument that PennDOT had failed to promulgate a list of approved helmets, we stated "[t]his provision does not make it a violation to wear a helmet that is not on the approved list promulgated by PennDOT, but rather for wearing a helmet that does not meet the *standards* established by PennDOT." *Hull*, 705 A.2d at 913 (emphasis in original). In our opinion, the key to that sentence is that the statutory provision made it a violation to fail to comply with the published PennDOT regulation/standard. No such provision can be found in § 4524(e).

¶ 11 Given the lack of reference in § 4524 to 67 Pa.Code § 175.67(d)(4), we cannot see how the provisions set forth in that section of the Pa. Code represent a standard that supplants the express language used in the statute. The trial court seemingly incorporates the language of 67 Pa.Code § 175.67(d)(4) into § 4524(e)(1) by citing to 75 Pa.C.S.A. § 4107(b)(2). (Trial court opinion, 2/18/09 at 10–11.) That section provides:

> **(b) Other violations.**—It is unlawful for any person to do any of the following:
>
>         *     *     *
>
> (2) Operate, or cause or permit another person to operate, on any highway in this Commonwealth any vehicle or combination which is not equipped as required under this part or under department regulations or when the driver is in violation of department regulations or the vehicle or combination is otherwise in an unsafe condition or in violation of department regulations.

75 Pa.C.S.A. § 4107(b)(2). The simple retort to the trial court's thesis that the terms of 67 Pa.Code § 175.67(d)(4) are mandated by 75 Pa.C.S.A. § 4107(b)(2) is that appellant was not charged for violating § 4107(b)(2) but, rather, was charged with violating § 4524(e)(1), which does not contain either explicitly or by reference

the 70% transmittance standard utilized to convict appellant. *Cf. Commonwealth v. Noack,* 737 A.2d 1236 (Pa.Super.1999) (Driver convicted of § 4107(b)(2) for failing to maintain appropriate log books while driving a commercial motor vehicle. The state regulation violated was found at 67 Pa.Code § 229.343, which incorporates by reference 49 C.F.R. § 395.8.). *In accord, Commonwealth v. Gosselin,* 861 A.2d 996, 1001 (Pa.Super.2004) ("The citation in this case charges a violation of section 2307(a), and it is that charge which Appellant was on notice to defend against. The trial court's incorporation of 58 Pa.Code section 137.1(a) in its order charges a new offense .... Therefore, Appellant's conviction also must fail on this basis.").

¶ 12 Given our analysis above, and Officer Pryor's testimony that he could see into the vehicle, we conclude that the evidence produced at appellant's trial was indeed insufficient to sustain the conviction for violating 75 Pa.C.S.A. § 4524(e)(1). Thus, we reverse appellant's judgment of sentence.[1]

¶ 13 Judgment of sentence reversed. Jurisdiction relinquished.

---

[1]. Our resolution of appellant's first issue moots the remaining two issues appellant sets forth in the statement of questions involved.