J. A14006/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHN JAMISON, | : | No. 1403 MDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, May 15, 2013,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-SA-0000441-2011

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 06, 2014**

John Jamison appeals from the judgment of sentence of May 15, 2013, following his conviction of two summary counts of failure to comply with the requirements of a police officer, 75 Pa.C.S.A. § 6311, and operating a motor vehicle that does not comply with Pennsylvania Department of Transportation ("PennDOT") regulations, 75 Pa.C.S.A. § 4107(b)(2). We affirm.

On July 9, 2011, Officer Jacob Clevenger was on routine patrol when he observed appellant's vehicle with dark sun screening on the vehicle windows. (Notes of testimony, 2/1/12 at 6.) Officer Clevenger effectuated a traffic stop and measured the light transmittance in the glass using a self-calibrating light meter. (*Id.* at 7.) According to Officer Clevenger, appellant's windows had a light meter reading of only 13%, and the legal

_____

* Retired Senior Judge assigned to the Superior Court.

minimum as defined by PennDOT regulations is 70%. (*Id.*) Officer Clevenger advised appellant that he was in violation of 67 Pa.Code § 175.67(d)(4), and issued a "5-day card," directing him to remove all tint from the windows within five days. (*Id.* at 6, 9-10.) Officer Clevenger did not receive the card back within five days, and after being informed that appellant did not intend to remove the tint, he issued a citation for a Section 6311 violation, failure to respond regarding the compliance card, as well as the citation for violating Section 4107(b)(2), failure to comply with PennDOT regulations. (*Id.* at 6-9.)

A magisterial district judge convicted appellant of the two above-mentioned summary offenses, and following a trial *de novo*, the convictions were affirmed. The trial court disagreed with appellant's argument that the charges must be dismissed because he should have been cited under 75 Pa.C.S.A. § 4524(e)(1), which specifically governs window tinting, rather than under the "catch-all" provision of 75 Pa.C.S.A. § 4107(b)(2). On May 15, 2013, the trial court found appellant guilty of both charges and imposed an aggregate fine of $525. On July 15, 2013, appellant was granted permission to file a *nunc pro tunc* appeal, and notice of appeal was filed on August 1, 2013. On August 9, 2013, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A.; appellant filed

J. A14006/14

his statement on September 5, 2013.[1]  On October 23, 2013, the trial court

filed an opinion, relying on the transcript and its prior order of May 15,

2013.

Appellant has raised the following issue for this court's review:

> I.   Whether the explicit language of 75 Pa.C.S.
> § 4524(e), which regulates sun screening on
> car windows, should supercede [sic] the
> equipment regulations that regulate the same
> topic as incorporated into the Vehicle Code via
> the catch-all provision at 75 Pa.C.S.
> § 4107(b)(2)?

Appellant's brief at 4 (capitalization omitted).

Because appellant's issue presents a pure question of law, our

standard of review is **de novo** and our scope of review is plenary.

**Commonwealth v. Raban**, 85 A.3d 467, 468 (Pa. 2014) (citation omitted).

Section 4524 of the Vehicle Code, "Windshield obstructions and

wipers," provides, in relevant part:

> **(e)  Sun screening and other materials
> prohibited.--**
>
> (1)   No person shall drive any motor
> vehicle with any sun screening
> device or other material which
> does not permit a person to see or
> view the inside of the vehicle
> through the windshield, side wing
> or side window of the vehicle.

---

[1] While it appears that appellant's Rule 1925(b) statement was untimely filed, because the trial court accepted the late statement and addressed appellant's substantive issues, we will not find waiver. **Commonwealth v. Rodriguez**, 81 A.3d 103, 105 n.2 (Pa.Super. 2013), **appeal denied**, 91 A.3d 1238 (Pa. 2014).

75 Pa.C.S.A. § 4524(e)(1). At trial, appellant presented testimony that a person would be able to see the inside of his vehicle through the tinted windows. However, appellant was not charged with violating Section 4524(e)(1), he was charged with violating Section 4107(b)(2), which provides:

> **(b) Other violations.**--It is unlawful for any person to do any of the following:
>
> (2) Operate, or cause or permit another person to operate, on any highway in this Commonwealth any vehicle or combination which is not equipped as required under this part or under department regulations or when the driver is in violation of department regulations or the vehicle or combination is otherwise in an unsafe condition or in violation of department regulations.

75 Pa.C.S.A. § 4107(b)(2). Appellant's citation for violating Section 4107(b)(2) was based on his violation of the PennDOT regulation at 67 Pa.Code § 175.67(d)(4), concerning sun screening material:

> **§ 175.67. Glazing.**
>
> **(d)** *Obstructions*. A vehicle specified under this subchapter shall have glazing free from obstructions as described in § 175.80 (relating to inspection procedure).
>
> (4) A sun screening device or other material which does not permit a person to see or view the inside of the vehicle is prohibited . . . . See

> Table X for specific requirements for vehicles subject to this subchapter. Passenger car requirements relating to the rear window are delineated by vehicle model year in Table X.

67 Pa.Code § 175.67(d)(4). Table X sets forth specific light transmittance requirements for different passenger cars. It is undisputed that the PennDOT regulations for appellant's particular vehicle require 70% light transmittance.[2]

Appellant argues that the statutory provision at Section 4524(e) of the Vehicle Code supersedes the PennDOT regulation found at 67 Pa.Code § 175.67(d)(4); and therefore, both citations should have been dismissed. According to appellant, Section 4524(e) and the PennDOT regulation are in conflict, and statutes always supersede administrative regulations. *See Commonwealth v. Kerstetter*, 62 A.3d 1065, 1069 (Pa.Cmwlth. 2013), *affirmed*, 94 A.3d 991 (Pa. 2014) ("It is axiomatic that a statute is the law and trumps an administrative agency's regulations."), citing *Joyce Outdoor Adver., LLC v. Dep't of Transp.*, 49 A.3d 518, 524 (Pa.Cmwlth. 2012). However, "This Court has held an 'administrative agency's interpretation of its own regulations is controlling unless the interpretation is plainly

---

[2] Appellant testified that his sun screening allows 20% light transmittance. (Notes of testimony, 2/1/12 at 16.) This would still be well below the 70% standard.

erroneous or inconsistent with the statute under which it is promulgated.'"
*Id.*, quoting *Joyce Outdoor Adver., LLC*, *supra*.

Section 4103(a) of the Vehicle Code grants PennDOT authority to promulgate vehicle equipment standards: "The department shall promulgate vehicle equipment standards for vehicles, equipment and devices required under this part. To the maximum extent possible, consistent with safety, the standards shall be expressed in terms of minimum acceptable performance levels, measured against objective testing parameters." 75 Pa.C.S.A. § 4103(a).

We can discern no conflict between 75 Pa.C.S.A. § 4524(e)(1) and 67 Pa.Code § 175.67(d)(4); indeed, they are nearly identical. Both prohibit sun screening devices or other material which does not permit a person to see or view the inside of the vehicle. The cases relied upon by appellant, *Kerstetter*, *supra*, and *Equitable Gas Co. v. Wade*, 812 A.2d 715 (Pa.Super. 2002), are readily distinguishable.

In *Kerstetter*, the Commonwealth Court found a clear conflict between the Public School Code and Department of Education regulations in their respective definitions of "compulsory school age." The departmental regulations defined "compulsory school age," as, *inter alia*, children enrolled in grades above kindergarten; while the Code's compulsory school attendance provisions applied to any student enrolled in public school, regardless of whether they were enrolled in kindergarten. The appellant in

***Kerstetter*** relied on the Department regulations, arguing that because her children were only enrolled in kindergarten, they were not subject to the compulsory school attendance law. The Commonwealth Court disagreed, finding that the Department's regulations conflicted with the Code's definition of "compulsory school age," which took precedence over any inconsistent regulation. ***Kerstetter***, 62 A.3d at 1070.

Similarly, in ***Wade***, the gas company sought post-judgment interest of 18% based on a lawful tariff it received from the Public Utility Commission ("PUC"), as well as a regulation governing late payments of utility bills set forth in the Pennsylvania Code. Both these provisions were in clear conflict with the statute governing post-judgment interest, which is set at the legal rate of 6% per year. ***Wade***, 812 A.2d at 717, citing 42 Pa.C.S.A. § 8101; 41 P.S. § 202. The ***Wade*** court noted that both the regulation and the tariff were issued by the PUC, not the Pennsylvania Legislature, and are not "statutes" under Pennsylvania law. ***Id.*** at 718. Therefore, they cannot supersede Section 8101 which sets forth the legal rate of post-judgment interest. ***Id.***

Both ***Wade*** and ***Kerstetter*** presented clear conflicts or inconsistencies between the relevant statutes and regulations. In the case ***sub judice***, as stated above, there is no such conflict or inconsistency. Both the statute and the regulation prohibit driving with sun screening material which does not permit a person to see inside the vehicle. PennDOT then implemented

this requirement, pursuant to its legislative mandate, by establishing a minimum standard, *i.e.*, 70% light transmittance. 75 Pa.C.S.A. § 4524(e) is silent as to acceptable levels of light transmittance, so there is no inconsistency. Without the PennDOT standards for permissible light transmittance thresholds, police would have no objective testing parameters to determine whether a vehicle's sun screening was in violation of the law.

Finally, appellant also cites this court's decision in **Commonwealth v. Brubaker**, 5 A.3d 261 (Pa.Super. 2010), which is wholly inapposite. In **Brubaker**, the appellant was stopped and charged with violating Section 4524(e)(1). **Id.** at 262. However, at trial, the investigating officer conceded that he could, in fact, see into the appellant's vehicle even though there was sun screening material present on the subject windows. **Id.** at 263-264. Therefore, the plain terms of Section 4524(e)(1) were not met. There was testimony at trial that the officer used a window tint meter to measure the percentage of light transmitted through the glass, and only 36.3% of light was passing through the appellant's front passenger side window, well below the 70% threshold. **Id.** at 264. However, appellant was not charged with violating Section 4107(b)(2), and Section 4524(e)(1) does not refer to the 70% light transmittance standard. The terms of 67 Pa.Code § 175.67(d)(4) could not be utilized to sustain a conviction under Section 4524(e)(1). **Id.** This court found that given the officer's testimony

that he could, in fact, see into the vehicle, the evidence was insufficient to sustain a conviction for violating Section 4524(e)(1).

Obviously, our holding in **Brubaker** does not inure to appellant's benefit, where appellant was charged with violating Section 4107(b)(2), making it unlawful to operate a motor vehicle in violation of PennDOT regulations, which would include the 70% light transmittance standard referenced in 67 Pa.Code § 175.67(d)(4) and Table X. The defendant in **Brubaker** was charged under 75 Pa.C.S.A. § 4524(e)(1), which does not prohibit a person from driving a motor vehicle which possesses sun screening material that reduces transmittance of light to below any particular standard. As such, **Brubaker** is inapposite.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014