J-A35031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID K. HOUCK, | : | |
| | : | |
| Appellant | : | No. 489 WDA 2015 |

Appeal from the Judgment of Sentence March 12, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, No. CP-02-SA-0002607-2014

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JANUARY 29, 2016**

David K. Houck ("Houck") appeals the judgment of sentence imposed following his conviction of a summary offense under the Motor Vehicle Code (hereinafter "the Vehicle Code"):  operating a motor vehicle that does not comply with Pennsylvania Department of Transportation ("PennDOT") regulations, 75 Pa.C.S.A. § 4107(b)(2).[1]  We affirm.

On July 23, 2014, Houck was stopped by Mount Lebanon Police Officer Bryan Crabb ("Officer Crabb"), who observed that a 2012 Volkswagen GTI, operated by Houck, appeared to have windows equipped with window tint, also referred to as "sun screening."  After stopping Houck's vehicle, Officer Crabb used a tint meter to measure the window tint on Houck's vehicle.  The

---

[1] Section 4107, entitled "Unlawful Activities," provides, in pertinent part, that "[i]t is unlawful for any person to ... [o]perate ... on any highway in this Commonwealth any vehicle ... which is not equipped as required under this part or under department regulations ...."  75 Pa.C.S.A. § 4107(b)(2).  The PennDOT regulation implicated in this case is 67 Pa. Code § 175.67, entitled "Glazing."

tint meter indicated that the window tint on Houck's vehicle permitted a light transmittance level of only 17%. Due to this equipment violation, Officer Crabb issued Houck a citation under section 4107(b)(2), based on Houck's violation of the PennDOT sun screening regulation at section 175.67(d)(4). Section 175.67(d)(4) provides as follows:

> (d) **Obstructions**. A vehicle specified under this subchapter shall have glazing free from obstructions as described in § 175.80 (relating to inspection procedure)
>
> &ast;&ast;&ast;
>
> (4) A sun screening device or other material which does not permit a person to see or view the inside of the vehicle is prohibited, unless otherwise permitted by FMVSS No. 205, or a certificate of exemption has been issued in compliance with § 175.265 (relating to exemption provisions). **See Table X for specific requirements for vehicles subject to this subchapter**. Passenger car requirements relating to the rear window are delineated by vehicle model year in Table X.

67 Pa. Code § 175.67(d)(4) (emphasis supplied). Section 175.265 sets forth the levels of acceptable light transmittance at Table X, entitled Acceptable Light Transmittance Levels for Vehicle Glazing (hereinafter referred to as

"Table X").[2]  Table X sets forth specific light transmittance requirements for passenger cars, depending on the model year.  Pursuant to Table X, at least 70% of light must pass through the tinted glass of Houck's 2012 passenger vehicle.[3]  As noted above, the light transmittance level of 17% on the windows of Houck's vehicle fell far below this requirement.[4]

On November 4, 2014, after a hearing, a Magisterial District Judge found Houck guilty of violating section 4107(b)(2).  Houck filed a summary appeal of his citation to the Allegheny County Court of Common Pleas.  By Order dated March 12, 2015, following a *de novo* summary appeal trial, the trial court found Houck guilty of violating section 4107(b)(2), and imposed a

---

[2] Section 175.265 sets forth the categories of vehicles which are exempt from compliance with section 175.263, which provides, in pertinent part, that

> [a] person may not operate, on a highway, a motor vehicle with a front windshield, side window or side wing that has been equipped with a sun screening device or other material which does not permit a person to see or view the inside of the vehicle.

67 Pa. Code § 175.263(a).  None of the exceptions set forth in section 175.265 are applicable to Houck's vehicle.

[3] Section 175.263(b) also refers to Table X "for specific requirements for vehicles subject to this subchapter."  67 Pa. Code § 175.263(b).

[4] Notably, Officer Crabb did not cite Houck under 75 Pa.C.S.A. § 4524 of the Vehicle Code, which provides, in pertinent part that, unless one of the enumerated exceptions is met, "[n]o person shall drive any motor vehicle with any sun screening device … which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle."  75 Pa.C.S.A. § 4524(e)(1).  Section 4524 does not refer to Table X.

fine of $25.00, plus costs. Houck filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal.

On appeal, Houck raises the following issues for our review:

1. Whether the lower court committed an error of law or abused its discretion by upholding an alleged violation for prohibitive window tint under 75 Pa.C.S.[A.] § 4107(b)(2), "Unlawful Activities[,]" rather than applying the specific legal standard for prohibitive window tint under 75 Pa.C.S.[A.] § 4524(e)(1)?

2. Whether the lower court committed an error of law or abused its discretion by ruling [that] 67 Pa.[ Code] § 175.67(d)(4) is incorporated into 75 Pa.C.S.[A.] § 4107(b)(2), "Unlawful Activities[,]" and/or that it is determinative or applicable to establishing prohibitive window tint?

Brief for Appellant at 4 (capitalization omitted).

As Houck's issues are related, we will address them together. In his first issue, Houck contends that, because the Pennsylvania Legislature has promulgated a specific statute regulating window tint under section 4524(e)(1), the lower court's reliance upon section 4107(b)(2) is incorrect. Brief for Appellant at 12. Houck asserts that he was stopped by police for prohibitive window tint, but was not cited for a violation of section 4524(e)(1). Brief for Appellant at 13. Houck claims that "the use of [section 4107(b)(2)], together with the routine incorporation of [section 175.67(d)(4)] is inappropriate, because it creates an irreconcilable conflict with [section 4524(e)(1)]." Brief for Appellant at 15.

Relying on *Commonwealth v. Brubaker*, 5 A.3d 261 (Pa. Super. 2010), and *Commonwealth v. Cartagena*, 63 A.3d 294 (Pa. Super. 2013)

(*en banc*), Houck argues that the practice of incorporating section 175.67(d)(4) into section 4107(b)(2) has been "expressly repudiated" by this Court. Brief for Appellant at 15. Houck also argues that "prosecutions under the general provisions of [section] 4107(b)(2) are prohibited where relevant provisions are available and when there is an irreconcilable conflict with another statute." Brief for Appellant at 15 (citing ***Commonwealth v. Miller***, 606 A.2d 495, 497 (Pa. Super. 1992)). Houck contends that "the lower court's reliance on [section] 4107 conflates the law, causes systemic confusion among the courts and police, and subverts the General Assembly's intent." Brief for Appellant at 16. Houck asserts that the trial court erred by concluding that there is no irreconcilable conflict between section 4524(e)(1) and section 4107(b)(2), and that "[i]t may be possible to see into the vehicle through the window[,] although the window may still have a light transmittance level of less than 70% and violate [section] 4107(b)(2)." Brief for Appellant at 16 (citing Trial Court Opinion, 4/29/15, at 5 (unnumbered)).[5]

Houck claims that there is no published authority supporting the application of section 4107(b)(2) to prohibitive window tint. Brief for Appellant at 19. Houck argues that section 4107 applies to "vehicle equipment," and contends that after-market window tint is not "vehicle equipment," but rather constitutes an "accessory." ***Id***. at 20-21. Houck

_____

[5] We observe that the copy of the Trial Court Opinion attached to Houck's brief on appeal is missing two pages.

- 5 -

asserts that, to the extent that section 4107 applies to window tint, it only applies to after-market vehicle equipment which violates an applicable statue or regulation, and that a violation of section 175.67(d)(4) is not a violation of the Vehicle Code. *Id*. at 22-23 (citing 25 Summary of Pennsylvania Jurisprudence 2d Environmental Law § 8:204 (2d ed.), Vehicle Equipment Standards and 13 West's Pennsylvania Practice, Rules of the Road § 212 (2013-2014 ed.)). Houck claims that section 4524(e)(1) is the only statute that could reasonably be implicated by prohibitive window tint, and only when it does not allow a person to see or view the inside of the vehicle. Brief for Appellant at 23. Houck argues that, because Officer Crabb testified that he could see through the windows of Houck's vehicle, the window tint was not illegal, thereby rendering section 4107(b)(2) inapplicable. Brief for Appellant at 23.

In his second issue, Houck contends that, "by incorporating [section] 175.67(d)(4) into [section] 4107(b)(2), the lower court allows police to favor the general statute [*i.e.*, section 4107(b)(2)] over the specific statute [*i.e.*, section 4524(e)(1),] thereby yielding an unreasonable and absurd result …"

Brief for Appellant at 24.[6]   Houck points to FMVSS No. 205, as referenced in section 175.67(d)(4), and asserts that the safety standard contained in FMVSS No. 205 concerns driver visibility rather than a person's ability to see into a vehicle through the windows.   Brief for Appellant at 26-27.   Houck claims that the 70% light transmittance standard in FMVSS No. 205 applies only to original or replacement glazing, and does not apply to after-market screening affixed to vehicle window surfaces.   Brief for Appellant at 27. Similarly, Houck argues that section 175.67(d)(4) and Table X apply only to original or replacement glazing, and do not apply to after-market screening affixed to vehicle window surfaces.   Brief for Appellant at 27.   Houck contends that whereas inward visibility is controlled by section 4524(e)(1), outward visibility is controlled by state inspection standards.   Brief for Appellant at 28.   According to Houck, "this is the only way that [section] 175.67(d)(4) and [section] 4524(e)(1) can co-exist under the law without creating a irreconcilable conflict."   Brief for Appellant at 28.

Because Houck's issues present a pure question of law, our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Raban***, 85 A.3d 467, 468 (Pa. 2014).

---

[6] Houck cites to 67 Pa. Code § 161, and asserts that "the purpose [of the chapter] is to assess outward visibility of the driver, not inward visibility of a person outside." Brief for Appellant at 25. However, our review discloses that this chapter, entitled "Railroads and Canals," has been repealed. ***See*** 67 Pa. Code § 161 (2015).

- 7 -

In ***Brubaker***, the appellant was stopped for prohibitive window tint by a police officer who thereafter used a tint meter on the appellant's vehicle windows, which permitted a light transmittance level of only 36.3%, well below the 70% threshold set forth in Table X. ***Brubaker***, 5 A.3d at 264. The appellant was charged with violating section 4524(e)(1), which, as noted above, prohibits the operation of "any motor vehicle with any sun screening device … which does not permit a person *to see or view the inside of the vehicle* through the windshield, side wing or side window of the vehicle." 75 Pa.C.S.A. § 4524(e)(1) (emphasis supplied). Notably, section 4524(e)(1) makes no reference to Table X or to the 70% light transmittance standard contained therein. Moreover, at trial, the investigating officer conceded that, even though there was sun screening material present on the subject windows, *he could, in fact, see into the appellant's vehicle*. ***Brubaker***, 5 A.3d at 263. Therefore, given the officer's testimony, this Court ruled that the plain terms of section 4524(e)(1) had not been satisfied. ***Id***.

Our holding in ***Brubaker*** does not inure to Houck's benefit, as the appellant in ***Brubaker***, unlike Houck in the instant case, was *not* charged with violating section 4107(b)(2). Rather, the appellant in ***Brubaker*** was charged under section 4524(e)(1), which does not prohibit a person from driving a motor vehicle which possesses sun screening material that reduces transmittance of light to below any particular standard. ***Brubaker***, 5 A.3d

at 264-65. Indeed, the court in **Brubaker** seemingly suggested that, given the officer's ability to see into the appellant's vehicle, the proper charge would have been under section 175.67(d)(4), which specifically references Table X and its specific requirements for light transmittance. **See Brubaker**, 5 A.3d at 264. Unlike the appellant in **Brubaker**, Houck was charged with violating section 4107(b)(2), which prohibits a person from operating a motor vehicle in violation of PennDOT regulations, including the 70% light transmittance standard referenced in section 175.67(d)(4) and Table X. As such, **Brubaker** is inapposite.

Houck's reliance on **Cartagena** is similarly misplaced. In **Cartagena**, an *en banc* panel of this Court considered the legality of the warrantless protective sweep of the defendant's vehicle, which had windows that were so heavily tinted that the police officer could not see through them, even with a flashlight. The appellant in **Cartagena** did not challenge the legality of his initial stop, which was based on a violation of 4524(e)(1). Thus, the **Cartagena** case did not involve a challenge to, or any substantive analysis of, any statute or regulation relating to window tint. In a footnote, the **Cartagena** Court observed that "[t]here is no measurable amount of tint that renders a vehicle with tinted windows illegal in Pennsylvania. Tint is illegal if, from point of view of the officer, he or she is unable to see inside of a vehicle through the windshield, side wing, or side window." **Cartagena**, 63 A.3d at 305 n.26. However, the **Cartagena** Court's comments, made in

*dicta*, were restricted to section 4524(e)(1), and the Court made no reference to either section 4107(b)(2) or section 175.67(d)(4). As such, **Cartagena** is also inapposite.

In this case, Houck could not have been charged under section 4524(e) because the Officer Crabb was able to see into Houck's vehicle. **See** N.T., 1/26/15, at 7. Nevertheless, we are satisfied that, under the facts of this case, section 4524(e) does not bar the prosecution of Houck for violating section 4107(b).

We have explained that, "[e]ven if the two [statutory sections] have identical elements in the sense that the special wholly encompasses the general, so long as the general has elements outside the special, the Commonwealth is not precluded from pursuing both charges in one trial." **Commonwealth v. Gautieri**, 636 A.2d 1153, 1155 (Pa. Super. 1994) (citing **Miller**, 606 A.2d at 498) (brackets in original, citation omitted)).

Here, section 4524(e)(1) is more specific than section 4107(b)(2). The former regulates window tint "which does not permit a person to see or view the inside of the vehicle through the windshield." 75 Pa.C.S.A. § 4524(e)(1). Contrarily, section 4107(b)(2) regulates all types of equipment violations. Indeed, because of the broad application of section 4107(b)(2), it contains elements outside of the more specific section 4524(e)(1), and a violation of section 4107(b)(2) does not necessarily involve a violation of section 4524(e)(1). **See Brubaker**, 5 A.3d at 264-65

(stating that "the language of [section 4524(e)(1)] does not prohibit a person from driving a motor vehicle which possesses sun screening material that 'reduces the transmittance of light below 70%.'"). Indeed, the Commonwealth can prove an equipment violation if it shows a window tint that *does* permit a person to see or view the inside of the vehicle through the windshield, but *does not* meet the light transmittal requirements of Table X. **See id**. at 265 (stating that "[section 4524(e)(1)] also does not prohibit a person from driving a motor vehicle which possesses sun screening material that reduces the transmittance of light to below a standard to be determined and published by PennDOT."). Therefore, we conclude that, because the general statute at section 4107(b)(2) is not encompassed by the more specific statute at section 4524(e)(1), there is no bar against the Commonwealth pursuing Houck under the general statute at section 4107(b)(2). **See Gautieri**, 636 A.2d at 1155. Additionally, because the record supports Houck's violation of the 70% light transmittance standard referenced in section 175.67(d)(4) and Table X, the trial court did not err in determining that Houck was guilty of violating section 4107(b)(2).

Because we find no merit to Houck's claims on appeal, we affirm the

judgment of sentence imposed by the trial court.[7]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2016

---

[7] Houck also claims that the trial court erred in relying on four unpublished Superior Court Memoranda in imposing his judgment of sentence. We agree that the trial court should not have relied on unpublished decisions, as unpublished decisions of this Court are non-precedential. **See** Superior Court Internal Operating Procedure § 65.37; 210 Pa. Code § 65.37. However, this Court may affirm the decision of the trial court if it is correct on any grounds. **See Commonwealth v. Turner**, 73 A.3d 1283, 1286 n.5 (Pa. Super. 2013) (stating that an appellate court may affirm a trial court's decision on any grounds supported by the record on appeal).